1

2

3

4

5

6

7

8
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON

9
   JENNIFER N. RODRIGUEZ,            )
10                                   )   No. CV-08-5087-CI
             Plaintiff,              )
11                                   )
   v.                                )   ORDER GRANTING PLAINTIFF'S
12                                   )   MOTION FOR SUMMARY JUDGMENT
   MICHAEL J. ASTRUE,                )   AND REMANDING FOR ADDITIONAL
13 Commissioner of Social            )   PROCEEDINGS PURSUANT TO
   Security,                         )   SENTENCE FOUR 42 U.S.C. §
14                                   )   405(g)
             Defendant.              )
15                                   )
                                     )
16 _____

17       BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec.

18 17, 19.)   Attorney D. James Tree represents Plaintiff; Special

19 Assistant United States Attorney Thomas M. Elsberry represents

20 Defendant.   The parties have consented to proceed before a magistrate

21 judge.  (Ct. Rec. 8.)  After reviewing the administrative record and

22 briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for

23 Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

24                              **JURISDICTION**

25       Plaintiff Jennifer Rodriguez(Plaintiff) protectively filed for

26 social security income (SSI) on October 28, 2004. (Tr. 80, 179.)

27 Plaintiff initially alleged an onset date of May 18, 2001, but later

28 amended the alleged onset date to September 26, 2005.  (Tr. 80, 410.)


ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -1

1   Benefits were denied initially and on reconsideration.  (Tr.  37, 45,

2   49.)  Plaintiff requested a hearing before an administrative law judge

3   (ALJ), which was held before ALJ Paul Gaughen on July 23, 2007.  (Tr.

4   415-44.)  Plaintiff was represented by counsel and testified at the

5   hearing.  (Tr.  422-38.)  Medical expert Reynolds Hoover, M.D., and

6   vocational expert William Weiss also testified.  (Tr. 417-22, 438-42.)

7   A supplemental hearing was held on January 24, 2008.  (Tr. 386-412.)

8   Plaintiff  appeared  telephonically  and  testified.   (Tr.  400-04.)

9   Vocational expert Dan McKinney also testified.  (Tr. 399-400, 404-08.)

10  The ALJ denied benefits (Tr. 17-30) and the Appeals Council denied

11  review.  (Tr. 6.)  The instant matter is before this court pursuant to

12  42 U.S.C. § 405(g).

## STATEMENT OF FACTS

14      The facts of the case are set forth in the administrative hearing

15  transcripts and file, and will, therefore, only be summarized here.

16      At the time of the first hearing on July 23, 2007, Plaintiff was

17  30 years old.  (Tr. 423.)  Plaintiff attended school through the sixth

18  grade.  (Tr. 423.)  She testified that she left school to avoid gangs.

19  (Tr.  423-24.)   She  has  a  limited  work  history  as  an  agricultural

20  worker and as a laundry worker.  (Tr. 399-405.)  She testified that

21  the main thing preventing her from maintaining a job is her sickness,

22  including depression, anxiety, and Grave's disease.  (Tr. 426.)  She

23  said she has to lay down four times a day for a total of five hours

24  each day.  (Tr. 428-29.)  She has had anxiety attacks at home, as well

25  as in public.  (Tr. 427-32.)  She testified that she has problems

26  socializing and with concentration.  (Tr. 431.)  Plaintiff has a

27  history of substance abuse.  (Tr. 432-34.)  She testified that she had

28  been clean and sober for four to five years.  (Tr. 468.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180

1  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

2  Nevertheless, a decision supported by substantial evidence will still

3  be set aside if the proper legal standards were not applied in

4  weighing the evidence and making the decision.  *Brawner v. Sec'y of*

5  *Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus,

6  if there is substantial evidence to support the administrative

7  findings, or if there is conflicting evidence that will support a

8  finding of either disability or nondisability, the finding of the

9  Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-

10 1230 (9th Cir. 1987).

11                         **SEQUENTIAL PROCESS**

12     The Social Security Act (the "Act") defines "disability" as the

13 "inability to engage in any substantial gainful activity by reason of

14 any medically determinable physical or mental impairment which can be

15 expected to result in death or which has lasted or can be expected to

16 last for a continuous period of not less than twelve months."  42

17 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that

18 a Plaintiff shall be determined to be under a disability only if his

19 impairments are of such severity that Plaintiff is not only unable to

20 do his previous work but cannot, considering Plaintiff's age,

21 education and work experiences, engage in any other substantial

22 gainful work which exists in the national economy.  42 U.S.C. §§

23 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability

24 consists of both medical and vocational components.  *Edlund v.*

25 *Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

26     The  Commissioner  has  established  a  five-step  sequential

27 evaluation process for determining whether a claimant is disabled.  20

28 C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -4

1 | engaged in substantial gainful activities.  If the claimant is engaged
2 | in substantial gainful activities, benefits are denied.  20 C.F.R. §§
3 | 404.1520(a)(4)(I), 416.920(a)(4)(I).

4 |     If the claimant is not engaged in substantial gainful activities,
5 | the decision maker proceeds to step two and determines whether the
6 | claimant has a medically severe impairment or combination of
7 | impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If
8 | the claimant does not have a severe impairment or combination of
9 | impairments, the disability claim is denied.

10 |     If the impairment is severe, the evaluation proceeds to the third
11 | step, which compares the claimant's impairment with a number of listed
12 | impairments acknowledged by the Commissioner to be so severe as to
13 | preclude substantial gainful activity.  20 C.F.R. §§
14 | 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App.
15 | 1.  If the impairment meets or equals one of the listed impairments,
16 | the claimant is conclusively presumed to be disabled.

17 |     If the impairment is not one conclusively presumed to be
18 | disabling, the evaluation proceeds to the fourth step, which
19 | determines whether the impairment prevents the claimant from
20 | performing work he or she has performed in the past.  If plaintiff is
21 | able to perform his or her previous work, the claimant is not
22 | disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
23 | this step, the claimant's residual functional capacity ("RFC")
24 | assessment is considered.

25 |     If the claimant cannot perform this work, the fifth and final
26 | step in the process determines whether the claimant is able to perform
27 | other work in the national economy in view of his or her residual
28 | functional capacity and age, education and past work experience.  20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -5

1 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482

2 U.S. 137 (1987).

3    The initial burden of proof rests upon the claimant to establish

4 a *prima facie* case of entitlement to disability benefits. *Rhinehart*

5 *v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d

6 1111, 1113 (9th Cir. 1999).   The initial burden is met once the

7 claimant establishes that a physical or mental impairment prevents him

8 from engaging in his or her previous occupation.   The burden then

9 shifts, at step five, to the Commissioner to show that (1) the

10 claimant can perform other substantial gainful activity, and (2) a

11 "significant number of jobs exist in the national economy" which the

12 claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.

13 1984).

14    A finding of "disabled" does not automatically qualify a claimant

15 for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954

16 (9th Cir. 2001).   When there is medical evidence of drug or alcohol

17 addiction, the ALJ must determine whether the drug or alcohol

18 addiction is a material factor contributing to the disability.   20

19 C.F.R. §§ 404.1535(a), 416.935(a).   It is the claimant's burden to

20 prove substance addiction is not a contributing factor material to her

21 disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

22    If drug or alcohol addiction is a material factor contributing to

23 the disability, the ALJ must evaluate which of the current physical

24 and mental limitations would remain if the claimant stopped using

25 drugs or alcohol, then determine whether any or all of the remaining

26 limitations would be disabling.   20  C.F.R.  §§  404.1535(b)(2),

27 416.935(b)(2).

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -6

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 26, 2005, the amended alleged onset date. (Tr. 19.) At step two, he found Plaintiff has the severe impairments of polysubstance dependence, cannabis abuse, and antisocial traits. (Tr. 19.) At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 22.) The ALJ then determined:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: inability to perform complex reasoning or executive functioning tasks, especially in a written format or stated another way *can* handle simple, non-detailed instructions especially if there is verbal statement or restatement of the same. The claimant has no thought disorder and is oriented in all spheres. The claimant *is* capable of performing personal self-care, paying bills and basic reading tasks.

(Tr. 23.) At step four, the ALJ found Plaintiff has no past relevant work. (Tr. 29.) After taking into account Plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ determined at step five that jobs exist in significant numbers in the national economy which Plaintiff can perform. (Tr. 29.) Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since September 26, 2005, the amended date of disability onset. (Tr. 30.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -7

asserts the ALJ erred by: (1) improperly considering the medical
evidence at step two; (2) rejecting lay testimony of Plaintiff's
mother; (3) failing to develop the record regarding cognitive
limitations; and (4) presenting an incomplete hypothetical to the
vocational expert.   (Ct. Rec. 18 at 12.)   Defendant argues: (1)
Plaintiff failed to prove a severe mental impairment at step two; (2)
the ALJ was not required to obtain a consultative examination; (3) the
ALJ properly rejected lay testimony from Plaintiff's mother; and (4)
the ALJ presented a complete hypothetical to the vocational expert.
(Ct. Rec. 20 at 2-3.)

**DISCUSSION**

Plaintiff argues the ALJ improperly rejected the opinions of
Plaintiff's treating providers, leading to an improper rejection of
Plaintiff's mental health impairments as "frivolous" at step two.[1]

---

[1]It is noted that the term "frivolous" does not appear in the
ALJ's decision. Plaintiff cites *Bowen v. Yuckert*, 482 U.S. 137, 153-
54 (1987), and asserts, "As the United States Supreme Court declared,
the step two inquiry is simply a *de minimis* screening device to
dispose of groundless or frivolous claims. . . . This of course means
that an ALJ cannot dismiss a claim at step two unless he determines
that it is groundless or frivolous." (Ct. Rec. 18 at 15.)   This
statement does not accurately describe the *Bowen* holding regarding
step two.   In *Bowen*, the Supreme Court upheld the validity of the
severity regulation, as clarified in S.S.R. 85-28.   *Id.* The word
"frivolous" neither appears at page 153-54 of the opinion, nor
anywhere in the opinion except the dissent.   *Id.* at 180-81.   The ALJ's
finding that a medically determinable impairment does not fall within

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -8

1 (Ct. Rec. 18 at 14.)   Plaintiff asserts diagnoses of post-traumatic

2 stress disorder (PTSD), panic disorder, agoraphobia, depression and

3 bipolar disorder reflect a severe mental health impairment.  (Ct. Rec.

4 18 at 15.)   Defendant argues Plaintiff's assertions of additional

5 impairments are not supported by the record and that the ALJ properly

6 considered the psychological evidence.  (Ct. Rec. 20 at 7-8.)

7        At step two of the sequential process, the ALJ must determine

8 whether Plaintiff suffers from a "severe" impairment, i.e., one that

9 significantly limits his or her physical or mental ability to do basic

10 work activities.   20 C.F.R. § 416.920(c).   To satisfy step two's

11 requirement of a severe impairment, the claimant must prove the

12 existence of a physical or mental impairment by providing medical

13 evidence consisting of signs, symptoms, and laboratory findings; the

14 claimant's own statement of symptoms alone will not suffice.   20

15 C.F.R. § 416.908.   The fact that a medically determinable condition

16 exists does not automatically mean the symptoms are "severe" or

17 "disabling" as defined by the Social Security regulations. *See, e.g.,*

18 *Edlund*, 253 F.3d at 1159-60; *fair*, 885 F.2d at 603; *Key v. Heckler*,

19 754 F.2d 1545, 1549-50 (9th Cir. 1985).

20      The Commissioner has passed regulations which guide dismissal of

21 claims at step two.   Those regulations state an impairment may be

22 found to be not severe when "medical evidence establishes only a

23 slight abnormality or a combination of slight abnormalities which

24 would have no more than a minimal effect on an individual's ability to

25 work."   S.S.R. 85-28.   The Supreme Court upheld the validity of the

26

27 the definition of "severe" found in the Regulations does not mean the

28 ALJ discarded the claim as frivolous.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -9

1  Commissioner's severity regulation, as clarified in S.S.R. 85-28, in

2  *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).   "The severity

3  requirement cannot be satisfied when medical evidence shows that the

4  person has the ability to perform basic work activities, as required

5  in most jobs." S.S.R. 85-28.  Basic work activities include: "walking,

6  standing, sitting, lifting, pushing, pulling, reaching, carrying, or

7  handling; seeing, hearing, and speaking; understanding, carrying out

8  and remembering simple instructions; responding appropriately to

9  supervision, coworkers and usual work situations; and dealing with

10 changes in a routine work setting."  *Id.*

11      Further, even where non-severe impairments exist, these

12 impairments must be considered in combination at step two to determine

13 if, together, they have more than a minimal effect on a claimant's

14 ability to perform work activities.  20 C.F.R. § 416.929.  If

15 impairments in combination have a significant effect on a claimant's

16 ability to do basic work activities, they must be considered

17 throughout the sequential evaluation process.  *Id.*

18      As explained in the Commissioner's policy ruling, "medical

19 evidence alone is evaluated in order to assess the effects of the

20 impairments on ability to do basic work activities."  *Id.*  Thus, in

21 determining whether a claimant has a severe impairment, the ALJ must

22 evaluate the medical evidence.

23      In this case, the ALJ identified three severe impairments:

24 polysubstance dependence, cannabis abuse, and antisocial traits.  (Tr.

25 20.)  The ALJ noted that the record supports a medically determinable

26 cognitive impairment, but concluded it is not severe in nature.  (Tr.

27 21.)   The ALJ also found the record does not confirm any physical

28 medically determinable impairment.  (Tr. 22.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -10

Plaintiff argues Dr. Johnson's opinion establishes a severe mental impairment.[2]  (Ct. Rec. 18 at 16-17.)  She argues the ALJ "summarily rejected" the opinion without providing adequate reasons. In evaluating medical or psychological evidence, a treating or examining physician's opinion is entitled to more weight than that of a non-examining physician.  *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining  physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for

---

[2]Plaintiff's primary argument is that Dr. Johnson's assessment that Plaintiff has some marked limitations was "*twice* presented hypothetically to *two separate* vocational experts, and were both times acknowledged as insurmountable barriers to competitive employment." (Ct. Rec. 18 at 16.)  This, however, does not reflect on the validity of the ALJ's reasoning or respond to weaknesses in the medical opinion identified by the ALJ.  The fact that one or more vocational experts conclude that a hypothetical individual with certain limitations could not sustain employment is not relevant if those limitations are not supported by substantial evidence in the record.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -11

1  disregarding a treating or examining physician's opinion.  *Flaten v.*
2  *Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir.
3  1995);  *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).  The opinion
4  of a non-examining physician cannot by itself constitute substantial
5  evidence that justifies the rejection of the opinion of either an
6  examining physician or a treating physician.  *Lester*, 81 F.3d at 831,
7  citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990).
8  However, the opinion of a non-examining physician may be accepted as
9  substantial evidence if it is supported by other evidence in the
10  record and is consistent with it.  *Andrews*, 53 F.3d at 1043; *Lester*,
11  81 F.3d at 830-31.  Cases have upheld the rejection of an examining or
12  treating physician based on part on the testimony of a non-examining
13  medical advisor; but those opinions have also included reasons to
14  reject the opinions of examining and treating physicians that were
15  independent of the non-examining doctor's opinion.  *Lester*, 81 F.3d at
16  831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989)
17  (reliance on laboratory test results, contrary reports from examining
18  physicians and testimony from claimant that conflicted with treating
19  physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995)
20  (rejection of examining psychologist's functional assessment which
21  conflicted with his own written report and test results).  Thus, case
22  law requires not only an opinion from the consulting physician but
23  also substantial evidence (more than a mere scintilla but less than a
24  preponderance),  independent  of  that  opinion  which  supports  the
25  rejection of contrary conclusions by examining or treating physicians.
26  *Andrews*, 53 F.3d at 1039.
27       Dr. Johnson examined Plaintiff on May 2, 2006 and prepared a
28  psychiatric evaluation.  (Tr. 370-73.)   He diagnosed PTSD, panic

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -12

disorder with agoraphobia, generalized anxiety disorder and polysubstance abuse. (Tr. 373.) Dr. Johnson saw Plaintiff again in June and December 2006 for medication management. (Tr. 337, 376.) In March 2007, Dr. Johnson completed a mental residual functional capacity assessment form. (Tr. 345-47.) He assessed six moderate limitations and two marked limitations. (Tr. 345-47.) The May 2006 psychiatric evaluation and the December 2006 visit summary were not in the record reviewed by the ALJ, but were submitted to the Appeals Council. (Tr. 10.) Although the ALJ did not review this evidence, it is properly considered by the court because the Appeals Council considered it in denying Plaintiff's request for review. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

The ALJ rejected Dr. Johnson's opinion for two reasons. First, the ALJ suggested that Dr. Johnson's opinion was unsupported and inadequately explained. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. The ALJ emphasized that the June 2006 office visit was a 15-minute visit, and noted that nine months later, "without any documented evidence of continued treatment," Dr. Johnson opined Plaintiff would have a number of marked and moderate limitations. (Tr. 27.) The ALJ then observed, "There was no indication on the checklist questionnaire [the mental RFC] of the medical basis of Dr. Johnson's opinion or of any objective medical findings in the record he used to support his opinion." (Tr. 28.) However, the evidence submitted to the Appeals Council indicates that Dr. Johnson did in fact have more than 15 minutes of contact with

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -13

1  Plaintiff.  The office visit in May 2006 was noted to have lasted one

2  hour and a follow-up visit occurred in December 2006 in addition to

3  the  June  2006  appointment.    (Tr.  319,  376.)    Thus,  the  ALJ's

4  understanding that Dr. Johnson's mental RFC assessment was based on

5  one 15-minute office visit was erroneous, although the ALJ could not

6  have known that based on the record.

7       Second, the ALJ justified rejecting Dr. Johnson's opinion by

8  suggesting that it is inconsistent with another, more thorough report

9  in the record.  The ALJ noted Dr. Johnson's opinion "is in contrast to

10 the thorough clinical evaluation by Dr. Toews."  (Tr. 28.)  Dr. Toews

11 evaluated Plaintiff in May 2005.  His report contained a history of

12 Plaintiff's  current  complaints,  a  brief  social  and  psychological

13 history, and a mental status analysis.  (Tr. 319-22.) However, Dr.

14 Johnson's May 2006 evaluation, which was not available to the ALJ, is

15 in the same basic format and appears to be of comparable thoroughness

16 when compared to Dr. Toews' report.   Thus, the ALJ's reasoning was

17 again based on incomplete information.

18      Considering only the record available to the ALJ, rejection of

19 Dr. Johnson's opinion was based on a reasonable interpretation of the

20 evidence. However, the records submitted to the Appeals Council show

21 the  ALJ's  reasons  for  rejecting  Dr.  Johnson's  opinion  are  not

22 supported by the record.  Had the ALJ had the opportunity to review

23 those  records,  his  conclusion  about  Dr.  Johnson's  March  2007

24 assessment of limitations might have been different.

25      Because the ALJ's reasons for rejecting Dr. Johnson's conclusion

26 were based on an incomplete record, the matter must be remanded.

27 Remand is the appropriate remedy because,

28      While  we  properly  may  consider  the  additional  evidence

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -14

1
2
3
4

> presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law.

5  *Harman*, 211 F.3d at 1180.  Furthermore, even if the additional

6  evidence from Dr. Johnson justified a finding of disability (and it

7  may not), the ALJ must then conduct a *Bustamante* analysis because the

8  record contains evidence of substance abuse.  *See* 262 F.3d at 955.

9  Upon reevaluation of Dr. Johnson's opinion, the ALJ may need to

10  reconsider his findings at step two and throughout the sequential

11  evaluation process.  As a result, the court does not reach Plaintiff's

12  other assignments of error.  The court expresses no opinion as to what

13  the ultimate outcome on remand will or should be.

14  **CONCLUSION**

15      Having reviewed the record and the ALJ's findings, the court

16  concludes the ALJ's decision is not supported by substantial evidence.

17  On remand, the ALJ should reassess the opinion of Dr. Johnson and

18  other psychological evidence, taking into account the evidence

19  considered by the Appeals Council, which is part of the record on

20  remand.   If necessary, the ALJ should conduct a new sequential

21  evaluation and make new findings consistent with the evidence.

22  Accordingly,

23      **IT IS ORDERED:**

24      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is

25  **GRANTED**.  The matter is remanded to the Commissioner for additional

26  proceedings pursuant to sentence four 42 U.S.C. § 405(g).

27      2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is

28  **DENIED.**

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -15

1    3.   An application for attorney fees may be filed by separate

2 motion.

3    The District Court Executive is directed to file this Order and

4 provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

5 be entered for Plaintiff and the file shall be **CLOSED**.

6    DATED December 10, 2009.

7
                         S/ CYNTHIA IMBROGNO
8                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT -16