UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER N. RODRIGUEZ, | ) |
| Plaintiff, | ) No. CV-08-5087-CI |
| v. | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION TO ALTER OR AMEND THE |
| MICHAEL J. ASTRUE, | ) JUDGMENT PURSUANT TO FED. R. |
| Commissioner of Social Security, | ) CIV. P. 59(e) |
| Defendant. | ) |

BEFORE THE COURT is Defendant's Motion to Alter or Amend the Judgement Pursuant to FED. R. CIV. P. 59(e). (Ct. Rec. 24.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Thomas M. Elsberry represents Defendant. After reviewing the record and the briefs filed by the parties, the court **DENIES** Defendant's Motion to Alter or Amend the Judgment pursuant to FED. R. CIV. P. 59(e).

**BACKGROUND AND BASIS FOR REVIEW**

Plaintiff Jennifer N. Rodriguez (Plaintiff) protectively filed for supplemental security income on October 28, 2004. (Tr. 80, 179.) Benefits were denied initially and on reconsideration. (Tr. 37, 45, 49.) After a hearing before administrative law judge (ALJ) Paul Gaughen on July 23, 2007, and a supplemental hearing on January 24, 2008, the ALJ denied benefits and the Appeals Council denied review. (Tr. 6, 17-30, 386-412, 415-44.) Plaintiff filed a civil action in district court to obtain judicial review of the agency's decision.

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e) - 1

(Ct. Rec. 4.) Plaintiff and Defendant filed cross-Motions for Summary Judgment, and this court entered an Order Granting Plaintiff's Motion for Summary Judgment and Remanding for Additional Proceedings Pursuant to Sentence Four 42 U.S.C. § 405(g) on December 10, 2009 ("Order Granting Plaintiff's Motion for Summary Judgment"). (Ct. Rec. 17, 19, 22.) Defendant timely filed a Motion to Alter or Amend the Judgment on January 7, 2010. (Ct. Rec. 24.) Defendant also filed a Motion for Additional Findings Pursuant to FED. R. CIV. P. 52(b) on that date. (Ct. Rec. 26.)

Under FED. R. CIV. P. 59(e), it is proper to alter or amend a judgment if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there was an intervening change in controlling law. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009), citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been made earlier in the litigation. *Id.*

**ISSUE**

Defendant argues the court should amend or alter its judgment because it clearly erred by (1) remanding this case based on evidence first submitted to the Appeals Council without a good cause showing; and (2) remanding for a drug and alcohol analysis when Plaintiff was

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 2

found not disabled. (Ct. Rec. 25 at 4-10.) Plaintiff argues the court properly considered the evidence submitted to the Appeals Council and correctly remanded this matter for additional consideration by the ALJ. (Ct. Rec. 30 at 3-15.)

**1.  Remand**

Defendant argues the court should have affirmed the ALJ's decision because it was based on substantial evidence in the record before him. (Ct. Rec. 25 at 7.) Defendant's argument suggests that the court committed "clear error" by remanding on the basis of evidence not reviewed by the ALJ but considered by the Appeals Council. (Ct. Rec. 25 at 4.)

The ALJ considered and rejected the opinion of Dr. Johnson, a psychologist. The ALJ gave two reasons for rejecting Dr. Johnson's opinion. First, the ALJ suggested Dr. Johnson's opinion was not properly supported. (Tr. 27-28.) The ALJ pointed out that a June 2006 office visit with Dr. Johnson was noted to last only 15 minutes, and that nine months later, "without any documented evidence of continued treatment," Dr. Johnson opined that Plaintiff had a number of marked and moderate limitations. (Tr. 27, 337, 345-47.) The ALJ also commented that Dr. Johnson's check box opinion did not reflect the basis of his opinion or contain the results of any objective medical findings supporting the opinion. (Tr. 28.) The second reason mentioned by the ALJ in rejecting Dr. Johnson's opinion is that it contrasted with a more thorough evaluation by another psychologist, Dr. Toews. (Tr. 28.) The ALJ gave little weight to Dr. Johnson's opinion for these reasons. (Tr. 28.)

The Appeals Council received additional evidence from Dr. Johnson submitted by Plaintiff, but denied Plaintiff's request for review.

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e) - 3

(Tr. 6-10.) The Appeals Council indicated it considered the additional evidence in denying Plaintiff's request for review, summarized the contents of the evidence and stated, "The additional evidence submitted does not warrant any change in the Administrative Law Judge's findings and conclusions." (Tr. 7.) However, the evidence submitted to the Appeals Council indicated that Dr. Johnson met with Plaintiff several times in addition to the June 2006 office visit, and one of those meetings was noted to have lasted one hour. (Tr. 370-73, 375-76.) Furthermore, the additional evidence revealed that Dr. Johnson prepared a report comparable to Dr. Toews' report and containing an explanation of the basis for his opinion. (Tr. 319-22, 370-73.) The court determined that the ALJ's rejection of Dr. Johnson's opinion was reasonable based on the evidence available to the ALJ, but that the reasons for rejecting Dr. Johnson's opinion were not based on substantial evidence when the evidence submitted to the Appeals Council was considered. (Ct. Rec. 22 at 14.) Thus, the court concluded remand was necessary so the ALJ could consider the additional evidence from Dr. Johnson and reevaluate the other psychological evidence. (Ct. Rec. 22 at 14.)

Defendant agrees the court has the authority to consider the evidence first submitted to the Appeals Council, but argues the court cannot remand on that basis without finding "good cause" for Plaintiff's untimely submission of evidence. (Ct. Rec. 25 at 2.) Defendant does not challenge the court's conclusion that if the evidence submitted to the Appeals Council is considered, the ALJ's rejection of Dr. Johnson's opinion is not supported by substantial evidence.

The district court's remand powers when reviewing a decision from

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT
PURSUANT TO FED. R. CIV. P. 59(e) - 4

the Commissioner arise from two sentences of 42 U.S.C. § 405(g), "sentence four" and "sentence six." Sentence four provides: "The court shall have the power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six allows for remand under two circumstances: (1) where the Commissioner moves for remand before filing an answer; or (2) where the court orders additional evidence to be taken before the Commissioner "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). Defendant argues the court does not have authority to remand under sentence four in this case, and that good cause was not established under sentence six of 42 U.S.C. § 405(g). (Ct. Rec. 25 at 2.) Thus, Defendant argues the court would commit "clear error" by remanding the matter under sentence four or by remanding under sentence six because Plaintiff did not make a good cause showing.

**a.   Sentence Four**

Defendant does not contest the court's authority to review new evidence submitted to the Appeals Council in assessing whether the ALJ's final decision is supported by substantial evidence. (Ct. Rec. 25 at 4.) Indeed, it is established in this circuit that any evidence which was submitted to the Appeals Council is part of the record for review.[1]   *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000)

---

[1]There is a split among the circuits on this issue. The Ninth Circuit follows majority rule. *See Mills v. Apfel*, 244 F.3d 1, 4 (1st

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 5

(concluding the district court properly considered new evidence submitted to the Appeals Council because the Appeals Council addressed those materials in denying review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting district court reviewed all materials including evidence not before the ALJ when Appeals Council declined to accept review). Thus, this court properly considered the evidence from Dr. Johnson in reviewing the ALJ's decision.

Defendant points out that the *Ramirez* court ruled only on what constitutes the record on appeal, and assumed jurisdiction over the Appeals Council decision to deny review without discussion. (Ct. Rec. 25 at 5, citing 8 F.3d at 1451, 1454.) In *Ramirez*, the court considered the rulings of both the ALJ and the Appeals Council, including both the ALJ's decision and additional materials submitted to the Appeals Council. 8 F.3d at 1451-52. The court determined that both the ALJ and the Appeals Council improperly disregarded evidence from a treating physician and concluded that the Appeals Council lacked basis for denying the claimant benefits. *Id.* at 1454-55. The court declined to remand and made an immediate award of benefits to the claimant. *Id.* at 1455.

Defendant does not discuss *Harman*, but the facts of that case are even more on point. In that case, as in the case at hand, the claimant made several visits to a physician over a period of time. 211 F.3d at 1179. However, evidence from only one visit to that physician was before the ALJ. The claimant submitted additional materials to the Appeals Council showing treatment records from several other visits supporting the physician's opinion of significant

---

Cir. 2001) (discussing circuit split).

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 6

limitations. *Id.* The court concluded that remand was the appropriate remedy to allow the ALJ to consider the additional evidence reviewed by the Appeals Council. *Id.* at 1180.

While Defendant is correct that neither the *Harman* court nor the *Ramirez* court expressly ruled that remand or award of benefits is appropriate under sentence four based on evidence considered by the Appeals Council but not before the ALJ, the court's decision in the matter at hand is consistent with the results in those cases.

Defendant adopts the argument of the concurring opinion in an unpublished opinion, *Angst v. Astrue*, No. 08-16066, slip. op. (9th Cir. Nov. 2, 2009).[2] Defendant argues sentence three of 42 U.S.C. § 405(g) limits evidence considered in a sentence four remand to "the evidence upon which the findings and decision complained of are based." Defendant suggests this limits the record to be considered by this court for purposes of sentence four remand to the record before the ALJ. (Ct. Rec. 25 at 6.) However, sentence three and four more fully state:

> [T]he Commissioner of Social Security shall file a certified copy of the *transcript of the record including the evidence upon which the findings and decision complained of are based*. The court shall have power to enter, upon the pleadings and *transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing.

---

[2] It is noted that a concurring opinion in an unpublished opinion is not binding precedent. Defendant cites no other supporting case law for this portion of the argument and, as Plaintiff points out, does not argue a change in controlling law has occurred, merely that the question is "open." (Ct. Rec. 30 at 9.)

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 7

42 U.S.C. § 405(g) (emphasis added). Sentence three does not state that "the transcript of record" includes *only* the evidence upon which the findings and decision complained of are based; it says the transcript *shall* include the findings and decision. Indeed, the certification of the transcript by the officer of the Social Security Administration states that the documents attached constitute the "transcript of the entire record" of the proceedings, which includes the Appeals Council decision and the additional evidence considered by the Appeals Council. Sentence four indicates the "transcript of the record" is under the court's review and may be the basis for remand. The *Ramirez* court concluded the power of review included the evidence considered by the Appeals Council. The *Harman* court directed remand based on evidence not before the ALJ but considered by the Appeals Council. These factors suggest that a reasonable interpretation of sentence four of 42 U.S.C. § 405(g) is that the evidence considered by the Appeals Council is part of the "transcript of the record" which the court has the authority to review and upon which the court has authority to remand.

Defendant asserts the court's jurisdiction to review the Appeals Council's denial of review is an open question. (Ct. Rec. 25 at 5.) If the question is an "open question," the court did not make a clear error by deciding this matter consistent with the results in *Ramirez* and *Harman*. The court declines to adopt Defendant's sentence four argument, concluding instead that a reasonable interpretation of sentence four includes the authority to remand based on evidence submitted to the Appeals Council and not before the ALJ. Thus, it was not clear error to remand to the ALJ for consideration of additional evidence from Dr. Johnson submitted to the Appeals Council.

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 8

### b. Sentence Six

Defendant asserts that judicial remand resulting from evidence not before the ALJ must meet the requirements of sentence six of 42 U.S.C. § 405(g) and that Plaintiff did not meet the "good cause" requirement for a sentence six remand. (Ct. Rec. 25 at 7-9.) As discussed above, the new evidence was incorporated into the record and is part of the record for purposes of the court's review and remand powers under sentence four. As a result, sentence six and the good cause requirement are inapplicable in this case.

Sentence six mentions three factors required to justify remand: (1) there must be new evidence; (2) the new evidence must be material; and (3) there must be good cause for failure to incorporate the evidence into the record in a prior proceeding. 42 U.S.C. § 405(g). Factors (1) and (2) are not at issue as Defendant concedes the additional evidence submitted was material. (Ct. Rec. 25 at 8.) Thus, if sentence six did apply, the question would be whether good cause was established for the delay in submitting the additional records from Dr. Johnson.

Defendant argues Plaintiff offered no cause for the failure to provide all of the evidence from Dr. Johnson in the prior proceeding. (Ct. Rec. 25 at 8.) However, Plaintiff was not required to offer good cause when submitting additional evidence to the Appeals Council. *See* 20 C.F.R. 404.970(b).[3] Defendant did not raise the good cause issue

---

[3] 20 C.F.R. 404.970(b) provides:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 9

at summary judgment, and therefore Plaintiff could not have known good cause was at issue.[4]

Defendant also complains that Plaintiff cited evidence from the records before the Appeals Council but not reviewed by the ALJ without noting that those facts were not before the ALJ. (Ct. Rec. 25 at 8.) However, Defendant's summary judgment brief also did not point out that all of Dr. Johnson's records had not been reviewed by the ALJ. In fact, Defendant did not cite or address the supplemental records in any way in summary judgment briefing, despite Plaintiff's citation to those records 18 times.[5] A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time which could reasonably have been raised earlier in the proceedings. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The sentence six good cause argument was first raised by Defendant in briefing for the Rule 59(e) motion, not in summary judgment briefing, and Defendant has offered no reason for failing to raise the issue earlier.[6]

---

> on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

[4]It was reasonable for Plaintiff to assume that, as discussed above, the evidence submitted to the Appeals Council was part of the record on review and thus good cause need not be established at summary judgment.

[5]This is according to Defendant's count. (Ct. Rec. 25 at 8.)

[6]Plaintiff set forth a good cause argument in her Response to Defendant's Motion to Alter or Amend, as soon as the argument was

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 10

Furthermore, the court could not have committed "clear error" on the sentence six issue because it was not decided at summary judgment. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). As a result, Defendant's argument that Plaintiff did not establish good cause under sentence six fails.

**2.   Drug and Alcohol Analysis**

Defendant argues the court erred by remanding for a drug and alcohol abuse analysis without a finding of disability. (Ct. Rec. 25 at 2.) Defendant asserts the court indicated the ALJ must conduct a *Bustmante* analysis, "regardless of the ultimate result" of the ALJ's findings based on the new evidence because the record contains evidence of substance abuse.[7] (Ct. Rec 25 at 2, 9-10.) In *Bustamante v. Massanari*, the 9th Circuit concluded that the ALJ should proceed to determine the effect of substance addiction only when the ALJ first finds the claimant disabled.  262 F.3d 949, 955 (9th Cir. 2001). The Defendant is correct that it would be improper to remand solely for a *Bustamante* analysis without a finding of disability.

However, Defendant misreads the court's ruling. In discussing the appropriateness of remand as opposed to an immediate award of benefits, the court stated, "Furthermore, even if the additional evidence from Dr. Johnson justified a finding of disability (and it may not), the ALJ must then conduct a *Bustamante* analysis because the

---

raised. The court does not reach the merits of this argument because the issue was not properly before the court under Rule 59(e).

[7]Defendant also asserts, "This Court noted that upon remand the ALJ must conduct a *Bustamante* analysis because the record contains evidence of substance abuse." (Ct. Rec. 25 at 9.)

ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) - 11

record contains evidence of substance abuse." (Ct. Rec. 22 at 15.) The words "if" and "then" indicate that *if* there is a finding of disability on remand, the ALJ should *then* conduct a *Bustamante* analysis. The court did not direct the ALJ to conduct a *Bustamante* analysis on remand regardless of the ultimate result of the ALJ's consideration of the new evidence, and the court did not remand for a *Bustamante* analysis based on a finding of nondisability. The court suggested a *Bustmante* analysis would be appropriate if the ALJ's consideration of new evidence resulted in a disability finding. This was not clear error and, thus, Defendant's argument fails.

**CONCLUSION**

There is no basis to alter or amend the court's Order Granting Plaintiff's Motion for Summary Judgment. As a result, Defendant's Motion to Alter or Amend the Judgment is denied. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Alter or Amend Judgment **(Ct. Rec. 24)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 9, 2010.


                      S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE